BELL
vs.
O'ROURKE.

## BELL vs. O'ROURKE.

APPEAL FROM THE COURT OF THE PRESIDING JUDGE OF THE CITY COURT
OF NEW-ORLEANS.

A direct appeal does not lie from the presiding judge of the City Court of New-Orleans to the Supreme Court, nor can this right of appeal be given by a rule of the City Court, "*as every power must come from above.*"

The plaintiff instituted suit on two promissory notes executed by the defendant in January and April, 1834, for the aggregate sum of six hundred dollars.

The defendant pleaded payment; that when they were paid, the plaintiff pretended he had mislaid the notes, but would destroy or cancel them.

On this issue the case was submitted to a jury, who returned a verdict for the defendant.

From judgment, confirming the verdict, the plaintiff appealed directly to the Supreme Court.

The appeal was taken under the following rule, adopted by the presiding judge of the City Court:

"Whereas, an act entitled "an act to extend the jurisdiction of the City Court, and for other purposes," approved March 2d, 1836, contains no provisions as to the manner of appealing from the judgment rendered by the presiding judge of the City Court of New-Orleans, on all suits where the amount or value in dispute exceeds three hundred dollars.

"Whereas, the second section of the fourth article of the constitution of the state provides, "the Supreme Court shall have appellate jurisdiction only, which jurisdiction shall extend to all civil cases where the matter in dispute shall exceed the sum of three hundred dollars."

"It is ordered by the court that an appeal lies from all judgments rendered by the presiding judge of the City Court on all suits where the amount or value in dispute exceeds three hundred dollars.

"Such appeal must be carried before the Supreme Court of the state, in conformity with the provisions contained in the Code of Practice under the head of appeal, and statements of facts, wherever the same may be applicable, to appeal to the Supreme Court.

Extract from the minutes."

*McMillen*, for the plaintiff.

1. The constitution gives the absolute right of appeal to this court, in all cases exceeding three hundred dollars. *Constitution, article* 4, *section* 2.

2. The act extending the jurisdiction of the City Court of New-Orleans, to sums on promissory notes, etc., above three hundred dollars, is silent, as to the mode of appeal, which might well be regulated by rule of the court granting the appeal.

3. The verdict and judgment should be reversed. There is not a shadow of proof of payment.

*Buchannan*, for the defendant, moved to dismiss the appeal as improperly taken. The law regulating appeals from the presiding judge of the City Court, requires them to be taken to the Parish Court of New-Orleans. See *Session Acts of* 1828, *page* 134, *section* 4.

2. A direct appeal to the Supreme Court is not sanctioned by any law, but is in violation of the act of 1828. It cannot be made legal by a rule of court. The power to make rules authorizes the courts respectively to adopt rules establishing the mode of proceeding *before them*, in all cases not provided for, if the same be not contrary to the rules prescribed by law. *Code of Practice, article* 145.

*Martin, J.*, delivered the opinion of the court.

This is a direct appeal in a case in which the judgment is for more than three hundred dollars, and the appellee has made no objection to the mode of bringing the appeal.

This case differs from that of Marsoudet *vs.* Beinvenu et al. just decided, (*ante*, 122,) in this particular only. The record

EASTERN DIST. contains a rule made by the presiding judge, directing that
*May,* 1837. appeals ·from judgments, in cases in which the matter in
PRIESTLY ET AL. dispute exceeds three hundred dollars, should be brought to
*vs.*
BELL. this court.

.this right of ap-          If we were without legitimate authority to act on such
peal be given by
a rule of the appeals, before that rule was made, we cannot exercise any
City Court; "*as*
*every power must* power under it. "*Every power must come from above.*"
*come from*
*above.*"

It is, therefore, ordered, adjudged and decreed, that the
appeal be dismissed.